odivorce (12/17)

**UNITED STATES BANKRUPTCY COURT**
**District of Nebraska**

In Re:

Charles Otis Chappell

Debtor(s)

Bankruptcy Proceeding No.  20−40053−TLS
Chapter  7

**ORDER**

This case is before the court upon consideration of a Motion for Relief for the Automatic Stay (the "Motion"). The Motion before the court seeks relief from the automatic stay of 11 U.S.C. § 362 to permit the movant to pursue matters related to dissolution of marriage and/or domestic support obligations.

IT IS ORDERED, that the automatic stay does not apply to those dissolution of marriage and paternity matters specifically identified in 11 U.S.C. 362(b)(2) including, but not limited to, dissolution of marriage and matters concerning domestic support obligations, child custody and visitation. For the avoidance of doubt, the automatic stay is lifted for the purpose permitting an adjudication of marital status and a determination of child custody, visitation and support and/or alimony obligations. Relief from the automatic stay is also granted to permit the adjudication of the property rights of the spouses as between each other and the liability on debts as between each other. However, since the United States Bankruptcy Court for the District of Nebraska has exclusive jurisdiction over property of the bankruptcy estate, relief from the automatic stay is NOT granted to permit any property of this bankruptcy estate to be removed from the administration of the bankruptcy court. The proceedings in state court shall not affect (i) the rights of the bankruptcy trustee, or debtor−in−possession under the Bankruptcy Code, or (ii) the rights of the creditors of the bankruptcy estate.

Movant is responsible for giving notice to parties in interest as required by rule or statute.

IT IS SO ORDERED.

Dated:  1/24/20

BY THE COURT:

s/ Thomas L. Saladino
Chief Judge

Copies mailed or electronically sent by the court to:
*Paul Rea